UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL NO. 3:26-CR-00064 |
| MIGUEL GILBERT-PEREZ, | (MEHALCHICK, J.) |
| Defendant. | |

**MEMORANDUM**

Before the Court is Defendant Miguel Gilbert-Perez's ("Gilbert-Perez") motion to revoke Magistrate Judge Leo A. Latella's detention order. (Doc. 22). For the following reasons, Gilbert-Perez's motion is **GRANTED**.

I.    FACTUAL AND PROCEDURAL BACKGROUND

On March 31, 2026, the Government indicted Gilbert-Perez, a Mexican national, on one count of illegal reentry in violation of 8 U.S.C. § 1326. (Doc. 1). Immigration and Customs Enforcement ("ICE") previously removed Gilbert-Perez from the United States and a final order of removal dated February 12, 2009, remains in effect. (Doc. 23, at 3; Doc. 26, at 6). On April 13, 2026, Judge Latella conducted a detention hearing, determined that detention is warranted, and Gilbert-Perez remains in custody in relation to the indictment. (Doc. 18). ICE issued a detainer against Gilbert-Perez; if he is released from federal custody in relation to the indictment, ICE will detain him in relation to his order of removal. (Doc. 23, at 3; Doc. 26, at 6). On April 22, 2026, Gilbert-Perez filed the instant motion to revoke Judge Latella's detention order along with a brief in support. (Doc. 22; Doc. 23). On April 27, 2026, the Government filed a brief in opposition. (Doc. 26). On April 28, 2026, the Court held a hearing on Gilbert-Perez's motion. (Doc. 27).

## II.    DISCUSSION

At issue in this matter is whether a detention hearing was authorized under the Bail Reform Act. Gilbert-Perez submits that Judge Latella should not have conducted a detention hearing because no detention hearing was authorized, as the Government failed to demonstrate that Gilbert-Perez poses a serious flight risk due to his imminent ICE detention. (Doc. 23, at 2). The Government counters that whether Gilbert-Perez is a risk of flight is determined by factors enumerated in 18 U.S.C. § 3142(g) and that under those factors, Gilbert-Perez clearly poses a serious risk of flight. (Doc. 26, at 7-10).

The Bail Reform Act, codified at 18 U.S.C. § 3142, governs the release or detention of a defendant pending trial. Relevant to the issue before the Court are subsections (a), (e), (f), and (g). To begin, the Act requires a court, upon appearance of a person charged with an offense, to issue an order that the person be either (1) released on personal recognizance; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained under subsection (e). 18 U.S.C. § 3142(a). At the initial appearance in this matter, the Government sought a hearing under § 3142(e). The pertinent part of § 3142(e)(1) provides:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

18 U.S.C. § 3142(e)(1).

Thus, subsection (e) directs the court and the parties to subsection (f) for a determination of whether the Government may move for a detention hearing. According to § 3142(f), there are only certain times that the Government may move for a detention hearing. First, pursuant to § 3142(f)(1), the Government may move for, and the court shall conduct, a detention hearing

2

in cases involving particular offenses, none of which are the offense with which Gilbert-Perez is charged. 18 U.S.C. § 3142(f)(1). Second, pursuant to § 3142(f)(2), the Government may move for a detention hearing in cases involving (A) a serious risk that such person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. 18 U.S.C. § 3142(f). If the case is not one involving the offenses enumerated in § 3142(f)(1) or the case does not involve a serious risk that the defendant will flee or obstruct justice under § 3142(f)(2), then the Government may not move for a detention hearing, and the court may not order detention because § 3142(e) only allows for detention "after a hearing pursuant to the provisions of subsection [§ 3142](f)." 18 U.S.C. § 3142(e)(1). If the court is considering conditions of release, it does so to determine whether there are conditions that will reasonably assure the appearance of the person as required and the safety of any other person and the community, and subsection (g) lists the factors to be considered in that case. 18 U.S.C. § 3142(g).

At issue before the Court is whether a detention hearing should ever have been held. Specifically, the parties ask this Court to consider whether the "serious risk of flight" requiring the Court to conduct a detention hearing under § 3142(f)(2) is the same as the assurance of "appearance" to be considered in determining appropriate conditions should the defendant be released after considering the factors listed in § 3142(g). According to the Government, to make a determination regarding whether a hearing is warranted due to flight risk, the Court must look to those enumerated factors 18 U.S.C. § 3142(g), which provides that the court "shall, in determining whether there are conditions of release *that will reasonably assure the appearance* of the person as required and the safety of any other person and the community,

take into account" the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g) (emphasis added); (Doc. 26, at 8-10). Notably, § 3142(g) states that its factors are used to determine "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). The subsection does not use or reference the term "flee."18 U.S.C. § 3142(g).

At the Court's April 28, 2026, hearing, Gilbert-Perez argued that because the § 3142(g) factors determine risk of non-appearance and not flight, they do not govern a § 3142(f)(2)(A) flight-risk determination. According to Gilbert-Perez, flight risk and risk of non-appearance are distinct concepts. Several federal courts have concluded that a determination of flight risk should not be based on the existence of an ICE detainer, as such removal is not a volitional act of the defendant. *See United States v. Ailon-Ailon*, 875 F.3d 1334, 1337 (10th Cir. 2017); *see also United States v. Gonzalez*, 780 F. Supp. 3d 574, 578 (E.D. Pa. 2025); *see also United States v. Sanchez*, No. CR 3:25-MJ-00026, 2025 WL 2101964, at *4-7 (M.D. Pa. July 25, 2025). Gilbert-Perez argues that the Government should never have been granted a detention hearing because if he is not detained in connection with his criminal proceedings, he will be detained by ICE, cannot flee, and thus, there is no risk of flight. (Doc. 23, at 2-4). In turn, the Government urges the Court to look at the factors outlined in § 3142(g) to determine whether Gilbert-Perez poses a serious risk of flight. (Doc. 26, at 10-17). The Government argues that while some courts have found that the Government may not base a flight risk determination *solely* on the existence of an ICE detainer, other courts have held that the Government may

show risk of flight by examining the factors outlined in § 3142(g). (Doc. 26, at 10-17); *see United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019) (determining that pre-trial detention was warranted even though a defendant would otherwise be detained by ICE because the § 3142(g) favored detention); *see also United States v. Sanchez*, No. CR 3:25-MJ-00026, 2025 WL 2101964, at *7 (M.D. Pa. July 25, 2025) (reversing an order of detention because the risk of ICE detention and removal does not constitute a flight risk and the § 3142(g) factors did not weigh in favor of detention).

"The preeminent canon of statutory interpretation requires [courts] to presume that [the] legislature says in a statute what it means and means in a statute what it says there. Thus, [a court's] inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) (citations and internal quotations omitted). Where a statute uses different language in two subsections, courts must refrain from assuming Congress made a drafting error and actually intended to convey the same meaning in both subsections. *See Russello v. United States*, 464 U.S. 16, 23 (1983) (stating "[w]e refrain from concluding here that the differing language in the two subsections has the same meaning in each. We would not presume to ascribe this difference to a simple mistake in draftsmanship"); *see also Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 587 (3d Cir. 2020); *see also Hanif v. Att'y Gen. of U.S.*, 694 F.3d 479, 486 (3d Cir. 2012) (stating the same and concluding that courts "must read the statute as written, noting the differences between [sections which use differing language]"); *see also Rea v. Federated Invs.*, 627 F.3d 937, 941 (3d Cir. 2010) (stating "[w]e will not contravene congressional intent by implying statutory language that Congress omitted"). Here, in the subsection of the Bail Reform Act which outlines when the Government may seek a detention hearing, it uses the language

"serious risk that such person will flee…" 18 U.S.C. § 3142(f)(2)(A). Subsequently, in § 3142(g), the Act directs a court to consider several factors to determine whether there are conditions that will "reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(g). It would be improper for the Court to "[imply] statutory language that Congress omitted" by assuming that the § 3142(g) factors are used to determine serious risk of flight when § 3142(g) does not use such language. *Rea*, 627 F.3d at 941; *see United States v. Abrego,* 787 F. Supp. 3d 830, 853 (M.D. Tenn. 2025) (stating "[i]f Congress had intended 'serious risk of flight" in § 3142(f)(2)(A) to be used interchangeably with a risk of nonappearance that cannot be remediated by conditions of release under § 3142(g), it would have used the same language in both parts of the statute, but it did not").

Several courts across the country have concluded that flight and the risk of non-appearance, while related, are distinct concepts. *See United States v. Molina-Orantes*, 798 F. Supp. 3d 1204, 1213 (D. Or. 2025) (stating "[d]istrict courts have consistently found that a defendant's risk of 'flight' means something different than his risk of 'nonappearance'"); *see also United States v. Cobix-Espinoza*, 655 F. Supp. 3d 584, 588 (E.D. Ky. 2023) (noting that flight and risk of non-appearance are different concepts); *see also United States v. Gibson*, 384 F. Supp. 3d 955, 965 (N.D. Ind. 2019) (stating "'risk of flight' is not the proper standard to apply when deciding to detain an individual" because the term flee is used in § 3142(f) but not § 3142(g)); *see also United States v. White*, No. 3:21-MJ-04070, 2021 WL 2155441, at *10 (M.D. Tenn. May 27, 2021) (stating "flight and nonappearance are not simply interchangeable names for the same concept, nor are they merely different degrees of the same type of risk" (citations and internal quotations omitted)). "[E]vidence suggesting [a] defendant poses a general risk of nonappearance does not necessarily support a finding that the case involves a serious risk of

flight." *Cobix-Espinoza*, 655 F. Supp. 3d at 589. This Court agrees. Flight is "[t]he act or an instance of fleeing, esp. to evade arrest or prosecution." *Flight*, Black's Law Dictionary (12th ed. 2024). By its definition, flight is a voluntary action. *See Ailon-Ailon*, 875 F.3d at 1337 (noting that a defendant facing ICE removal is not a risk of flight because flight is definitionally voluntary and ICE removal is involuntary); *see also Gonzalez*, 780 F. Supp. 3d at 578 (noting the same); *see also Sanchez*, 2025 WL 2101964, at *4 (same). An appearance is "[a] coming into court as a party or interested person, or as a lawyer on behalf of a party or interested person." *Appearance*, Black's Law Dictionary (12th ed. 2024). While the Court recognizes that if there is a risk that ICE will remove a defendant, there is definitionally a risk they won't appear in a court in the United States, *see Cobix-Espinoza*, 655 F. Supp. 3d at 589 (discussing the difference between risk of flight and risk of non-appearance), the Court also finds that that risk of flight contemplated in § 3142(f) is not the same as the risk of non-appearance contemplated when a court is considering conditions of release under § 3142(g). "Congress chose to use 'serious risk of flight' in [§ 3142] (f)(2)(A) to describe [a] limited scenario under which a defendant will face a detention hearing." *Gibson*, 384 F. Supp. 3d at 965. "Congress settled on very different language when describing the analysis courts must undertake once a detention hearing goes forward." *Gibson*, 384 F. Supp. 3d at 965; *see also Abrego,* 787 F. Supp. 3d at 853 (noting the differences in language between § 3142(f)(2)(A) and (g)). The Court cannot rewrite the statute to take language from one subsection and impose it on another. *See Russello*, 464 U.S. at 23; *see also Hanif*, 694 F.3d at 486; *see also Rea*, 627 F.3d at 941.

At the April 28, 2026, hearing, the Government conceded that if released from custody, ICE will almost certainly immediately take Gilbert-Perez into custody and initiate

removal proceedings. There is no evidence or information that, once in ICE custody, Gilbert-Perez will be able to flee. Thus, Gilbert-Perez does not pose a serious risk of flight because if he is not detained in connection with the indictment, ICE will detain him, and he will be unable to flee. *See Abrego*, 787 F. Supp. 3d at 856 (stating "the undisputed ICE detainer obviates any serious risk of flight because there is no suggestion that, if [Defendant] is released, the action taken by the government will be anything other than detaining him in ICE custody pending further removal proceedings"); *see also United States v. Mendoza-Balleza*, 420 F. Supp. 3d 716, 718 (E.D. Tenn. 2019) (stating "[a]s long as Defendant remains in the custody of the executive branch, albeit with ICE instead of the Attorney General, the risk of his flight is admittedly nonexistent"). The Government also conceded that ICE will likely remove Gilbert-Perez from the United States and order him not to return. Gilbert-Perez's removal is not flight. *See Ailon-Ailon*, 875 F.3d at 1337; *see also Gonzalez*, 780 F. Supp. 3d at 578; *see also Sanchez*, 2025 WL 2101964, at *4-7. Accordingly, a detention hearing is not warranted under 18 U.S.C. § 3142(f). The Court also concludes that it is unnecessary to set any conditions of release at this time, as it is undisputed that Gilbert-Perez is subject to an ICE detainer, and it is expected that he will be released to ICE custody.

## III.    CONCLUSION

For the foregoing reasons, the Court concludes that consideration of "serious risk of flight" is different that "risk of non-appearance." Risk of non-appearance is contemplated when considering appropriate conditions of release, while flight is considered when making the initial determination of whether the Government may move for detention. Given the ICE detainer, there is simply no serious risk of flight in this case, and therefore no basis upon which to conduct a detention hearing. Gilbert-Perez's motion to revoke the detention order is

9

**GRANTED**. (Doc. 22). The April 13, 2026, detention order (Doc. 18) is **REVOKED**

and Gilbert-Perez is ordered released from custody in relation to his indictment.

An appropriate Order follows.

BY THE COURT:

Dated: May 4, 2026                          s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States District Judge**

9